**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR JESUS CORENEJO BAUTISTA, AKA Jesus Martin Rivera Torres, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-73336 <br><br> Agency No. A201-287-454 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2024
San Francisco, California

Before: BEA, HAMILTON,[**] and CHRISTEN, Circuit Judges.

Petitioner Edgar Jesus Corenejo Bautista is a Mexican citizen who unlawfully reentered the United States in August 2015 after several prior removals. After immigration authorities took action to remove him, Bautista petitioned for withholding of removal and protection under the Convention Against Torture, also known as the CAT. He claimed past persecution and a fear

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

of future persecution and torture at the hands of the local mayor and police in his hometown. Bautista asserted that local authorities are affiliated with and aid dangerous drug traffickers.

After an evidentiary hearing, an immigration judge denied all relief. The judge found that Bautista's account of past persecution and feared future persecution and torture in Mexico was not credible. The judge identified eighteen separate factors as supporting her adverse credibility determination. The judge also found that Bautista failed to establish the likelihood of future persecution based on his membership in a particular social group, and failed to establish that it was more likely than not he would be tortured if he were removed to Mexico.

The Board of Immigration Appeals affirmed the judge's decision and incorporated portions of that decision as its own, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994). The Board found no error in the judge's adverse credibility determination. The Board also found that Bautista waived his substantive challenges to the denial of withholding of removal and CAT relief by failing to raise any arguments specifically addressing the judge's merits findings on these points in his administrative appeal. Bautista then filed this petition for judicial review. We deny the petition with respect to withholding of removal but grant the petition in part and remand to the Board for consideration of relief under the Convention Against Torture.

On judicial review of decisions by the Board of Immigration Appeals, we review determinations of law de novo and the agency's factual findings for

2

substantial evidence. *Ruiz-Colmenares v. Garland,* 25 F.4th 742, 748 (9th Cir. 2022). Here, because the Board cited *Matter of Burbano* and provided its own review of the evidence and the law, we review both the immigration judge's and the Board's decisions. *Id.* Substantial-evidence review means we will uphold the findings "unless the evidence compels a contrary result." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (internal quotations omitted).

Judicial review of such findings is not, however, an automatic stamp of approval, even for findings on credibility. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Immigration judges need to explain their credibility findings. *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (remanding denial of asylum and related relief where three of four grounds for adverse credibility finding were not supported: "If an IJ determines that a noncitizen is not credible, the IJ must provide specific and cogent reasons to support [her] adverse credibility determination." (internal quotation omitted)); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (requiring specific and cogent reasons for credibility findings). If an explanation by the judge or Board gets the facts or law wrong, is internally inconsistent or illogical, or ignores important countervailing evidence in the record, a reviewing court may find that the judge and Board did not support their decisions with substantial evidence according to law. E.g., *Munyuh v. Garland*, 11 F.4th 750, 764 (9th Cir. 2021) (remanding denial of asylum; "substantial-evidence review does not require us to credit the credibility

3

finding of an IJ who . . . misconstrues . . . the record to reach it"); *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (remanding denial of asylum).

Before reaching the merits, we must note that, contrary to the government's arguments, Bautista's petition was timely under *Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023) (requirement to exhaust administrative remedies under 8 U.S.C. § 1252(d)(1) is claim-processing rule, not a jurisdictional rule), and *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047–49 (9th Cir. 2023).

The government also argues that Bautista waived any challenges to most of the factors supporting the judge's adverse credibility determination, as well as to the judge's merits findings on his withholding-only and CAT claims, on the theory that he failed to exhaust his administrative remedies on those points. See 8 U.S.C. § 1252(d)(1); *Umana-Escobar*, 69 F.4th at 550, quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Exhaustion does not "require the issue to have been raised in a precise form during the administrative proceeding." *Bare*, 975 F.3d at 960. "Rather, the petitioner may raise a general argument in the administrative proceeding and then raise a more specific legal issue on appeal." *Id.* "What matters is that the BIA was sufficiently on notice so that it 'had an opportunity to pass on this issue.'" *Id.*, quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

Bautista's brief was sufficient to put the Board on notice that he was challenging the judge's adverse credibility finding under the totality of the circumstances. The argument section of Bautista's Board brief opened by noting

4

that the judge's central rationale for denying Bautista's application was the adverse credibility determination. The brief also said that the judge failed to consider the "totality of all circumstances and all relevant factors" when she identified the various inconsistencies in Bautista's testimony. From there, Bautista's brief to the Board excerpted portions of the administrative hearing transcript to argue that he was not inconsistent in his testimony, but rather confused and intimidated by DHS counsel's cross-examination. This briefing was sufficient to put the Board on notice that Bautista was challenging the judge's adverse credibility decision in its entirety and to give the "administrative agency the opportunity to resolve a controversy or correct its own errors before judicial intervention." *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004), abrogated on other grounds, *Santos-Zacaria*, 598 U.S. 411 (2023). Bautista's general argument to the Board attacking the adverse credibility determination allows him to raise more specific arguments in this petition for judicial review that challenge all the factors cited by the judge in support of her adverse credibility determination. See *Bare*, 975 F.3d at 960–61; see also *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (issue not waived where Board had "the opportunity to correct its error"); *Iman*, 972 F.3d at 1069 n.2 (rejecting waiver argument); *Zhang*, 388 F.3d at 721 (same).

Bautista's brief to the Board was not sufficient, however, to put the Board on notice that he was challenging the judge's conclusion that he had failed to show he had been persecuted because he was a member of a cognizable, particular

5

social group. A general challenge to a judge's withholding-only denial without any identification of the specific issue is not enough. See *Bare*, 975 F.3d at 960; *Arsdi*, 659 F.3d at 929. Bautista waived challenges to that determination.

We turn now to the merits of the adverse credibility determination as the driver of the denial of CAT relief. The immigration judge supported that determination by identifying eighteen factors. Sixteen of these eighteen factors deserve no weight. For the sake of brevity, we address the problems in groups.

The judge identified seven inconsistencies between Bautista's testimony and other evidence:

(1) Just how violently the police allegedly beat Bautista's brother in May 2015, just before he was "disappeared."

(2) Whether the police ordered Bautista and his brother to lie down at gunpoint during the incident between police and Bautista's brother in May 2015, just before he was "disappeared."

(3) What the police said to Bautista's mother when she went to police headquarters to report the brother's disappearance.

(4) The exact number of times Bautista was threatened or harmed in Mexico before fleeing to the United States.

(5) Whether the men who took Bautista's brother were local police or criminals disguised as police.

(6) Whether, during the August 2015 telephone call between Bautista and his mother, the hometown police commander physically took the telephone from Bautista's mother to threaten to kill Bautista.

(7) How many days Bautista spent in Nogales, Mexico, before crossing the border into the United States.

The first four listed above were not true inconsistencies but simply omissions of detail. The judge's reasoning fixated on minor differences in the level of detail of Bautista's testimony at different stages of the proceedings (e.g., written application versus reasonable-fear interview versus administrative hearing), as well as in his responses to different questions. Generally, "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014), and "the mere omission of details is insufficient to uphold an adverse credibility finding." *Id.*, quoting *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005). Further, the judge at least overlooked other evidence in the record that seems to explain several of the perceived inconsistencies. See *Shrestha*, 590 F.3d at 1044 ("[I]n evaluating inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency and other record evidence that sheds light on whether there is in fact an inconsistency at all." (citation omitted)). This is why a judge may "not cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result." *Id.* at 1040.

The fifth listed inconsistency was just wrong. The judge said that Bautista's testimony conflicted with his reasonable-fear interview about whether the men who "disappeared" his brother were local police or criminals dressed as police. There is no conflict. Bautista consistently explained that *the police suggested* to his mother that the men who had "disappeared" his brother were

7

simply criminals dressed as police, but Bautista consistently asserted in his interview and his testimony that he recognized some of the men who took his brother as members of the local police. AR 466 (reasonable-fear interview summary); AR 139, 158 (hearing testimony).

This leaves only two remaining inconsistencies identified by the judge that are arguably supported by substantial evidence. The first boils down to whether, during the August 2015 telephone call in which the police commander threatened to kill Bautista, the police commander did so by physically taking the telephone from Bautista's mother to deliver the threat directly to Bautista, or whether Bautista's mother simply relayed the officer's words. While a minor discrepancy, it could plausibly be viewed as material and thus factor into a credibility determination that had other significant anchors and grounds.

The seventh inconsistency appears to be genuine, involving the timing of Bautista's flight to the United States. In his I-589 application, Bautista wrote that he had been in Nogales for almost a month before crossing into the United States. At the hearing, however, Bautista testified that he had been in Nogales only four to five days before entering the United States. The difference between a month and several days could reasonably fit into an assessment of credibility, and the Board may consider this inconsistency on remand as part of the totality of circumstances relevant to credibility. See 8 U.S.C. § 1158(b)(1)(B)(iii); *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).

8

To support her adverse credibility determination, the judge also identified four supposed implausibilities in Bautista's testimony:

(1) That the mayor of a town would promise homes to local residents if they protested federal Mexican authorities entering the town to search for wanted drug traffickers.

(2) That the mayor would order residents to protest the arrival of federal officials to search for wanted drug traffickers, while also ordering local police to search for the same drug traffickers.

(3) That two highly wanted drug traffickers would be living openly in Bautista's hometown.

(4) That, if Bautista really had been threatened by his hometown police commander, he would have chosen to enter the United States illegally as opposed to presenting himself to border officials to apply for asylum.

The first implausibility identified by the judge was based on the fact that the 2018 Mexico Country Report on Human Rights Practices did not mention corruption in Bautista's small hometown or the mayor's attempts to bribe residents into protesting. We would be quite surprised to see such a specific finding in a country conditions report. Its absence was not a reasonable basis for the judge's credibility finding. See *Singh v. Gonzales*, 439 F.3d 1100, 1110 (9th Cir. 2006) ("While an IJ may use a Department of State Report to discredit a generalized statement about a country, it may not be used to discredit specific testimony regarding a petitioner's experience."), overruled on other grounds by *Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015) (en banc). The three remaining

9

implausibilities were based improperly on pure speculation. *Shah v. I.N.S.*, 220 F.3d 1062, 1071 (9th Cir. 2000).

The judge also identified three instances where she said Bautista's testimony was vague or nonresponsive:

(1) His explanation for how he knew that Mexican federal officials and local police searched for the drug cartel leader at that individual's home in May 2015 was nonresponsive.

(2) His explanation for why his brother recorded videos of drug traffickers or why the videos would be troublesome was both vague and nonresponsive.

(3) His explanation for alleged inconsistencies in his testimony surrounding the beating of his brother by police was nonresponsive.

The REAL ID Act permits a credibility determination based on the "responsiveness of the applicant or witness." 8 U.S.C. § 1158(b)(1)(B)(iii). But such reasoning requires care. "To support an adverse credibility determination based on unresponsiveness, the BIA must identify particular instances in the record where the petitioner refused to answer questions asked of him." *Shrestha*, 590 F.3d at 1042 (alteration omitted), quoting *Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002).

The judge did not find that Bautista refused or failed to answer questions asked of him. She found instead that he did not respond in the level of detail that the judge would have preferred. A negative credibility inference based on lack of details is unsupported where a petitioner was not asked for details and declined

or was unable to provide them. *Iman*, 972 F.3d at 1066–67. The judge erred by treating his answers as unresponsive simply because he did not anticipate the judge's unexpressed preferences about the right level of detail.

Finally, the judge supported her adverse credibility finding with four supposedly speculative answers:

(1) Bautista speculated that the police may have known his brother had an incriminating video because they saw him filming the operative events on his telephone's camera.

(2) Bautista speculated about why the local police would want to seize the videos on his brother's phone.

(3) Bautista's explanation that Mexican federal officials arrived at the ranch in May 2015 specifically to search for the drug cartel leader because he witnessed local police disguise the drug cartel leader and remove him from the ranch in a police vehicle.

(4) Bautista's assertion that his hometown mayor and a well-known drug trafficker had a friendly relationship.

The judge opened her discussion in the "Speculation" section of her decision with the maxim that "speculation and conjecture" *by an immigration judge* cannot sustain an adverse credibility finding, citing *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005), and *Shah*, 220 F.3d at 1071. This sound maxim says nothing about speculative answers *by an applicant* supporting an adverse credibility determination, especially where Bautista's supposedly "speculative" answers responded to questions from counsel and the judge that clearly *called for speculation*. *See* AR 121–23, 125–26, 151–52. While a judge may base an adverse credibility determination on any "relevant factor," 8 U.S.C.

11

§ 1158(b)(1)(B)(iii), this latitude does not allow a judge to fault an applicant for being too responsive to questions asking for speculative answers.

Because sixteen of the eighteen factors the judge relied upon were either not supported by the record or were trivial, we grant the petition in part and remand for the Board to assess Bautista's credibility in light of the totality of the circumstances. See, e.g., *Kumar v. Garland*, 18 F.4th at 1155–56 (remanding when only two of six grounds for adverse credibility determination were supported by record); *Barseghyan v. Garland*, 39 F.4th at 1143–46 (remanding when only one of four grounds for adverse credibility determination was supported by record); *Alam v. Garland*, 11 F.4th 1133, 1134–35, 1137 (9th Cir. 2021) (en banc) (remanding to three-judge panel when only one of seven grounds for adverse credibility determination was supported by record).

In keeping with these precedents, we **GRANT** Bautista's petition in part and **REMAND** to the Board to reconsider the issue of Bautista's credibility for purposes of deciding on relief under the Convention Against Torture. In all other respects, Bautista's petition is **DENIED**.